UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ANTHONY HERNANDEZ,

        Petitioner,

    -against-

DAVID A. ROCK,

        Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-5304 (KAM)

MATSUMOTO, United States District Judge.

      By petition filed September 18, 2013,[1] petitioner Anthony Hernandez, incarcerated at Upstate Correctional Facility, commenced this action pursuant to 28 U.S.C. § 2254 challenging his 2006 Kings County conviction. By Order dated October 1, 2013, petitioner was directed to show cause within sixty (60) days, by written affirmation, why his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred as it was filed beyond the limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Petitioner's affirmation ("Affirmation"), filed on October 7, 2013, fails to demonstrate any reason why the instant petition should not be dismissed as time-barred. Therefore, for the reasons discussed below, the petition is dismissed.

**DISCUSSION**

      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, created a one year statute of limitations for petitioners to file for a writ of habeas corpus. 28 U.S.C. § 2244 (d)(1). Petitioner alleges that he was convicted on

---

[1] Under the "prison mailbox rule," a submission by an imprisoned *pro se* petitioner, including a writ of habeas corpus, is deemed filed on the day it is given to prison officials. Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001).

October 11, 2006, and the Appellate Division, Second Department, affirmed the conviction on October 21, 2008. See People v. Hernandez, 55 A.D.3d 849 (2d Dept. 2008). On January 22, 2009, the New York Court of Appeals denied petitioner leave to appeal. See People v. Hernandez, 11 N.Y.3d 925 (2009). A petitioner's judgment of conviction becomes final 90 days from the date the New York Court of Appeals denies leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Therefore, petitioner's conviction became final on or about April 22, 2009, and this petition should have been filed on or before April 22, 2010. The instant petition was filed with this Court on September 18, 2013, and is thus barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

Statutory Tolling

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

On February 5, 2010, petitioner filed a post-conviction motion pursuant to § 440.10 of the New York Criminal Procedure Law ("440 Motion"), which was denied on July 9, 2010. Pet. at 3, 7. This properly filed 440 motion tolled 289 days of the limitations period. On December 20, 2011, petitioner filed an application for a writ of error coram nobis, which was denied on May 30, 2012. See People v. Hernandez, 95 A.D.3d 1358 (2d Dept. 2012); Affirmation at 1. The New York Court of Appeals denied petitioner leave to appeal that decision on October 29, 2012.

See People v. Hernandez, 19 N.Y.3d 1102 (2012). This writ of error coram nobis application was filed after the one-year limitations period expired and thus, does not toll the limitations period. Therefore, even when allowing for statutory tolling of petitioner's 440 motion, the instant petition is not timely filed.

Equitable Tolling

In order to be eligible for equitable tolling, a habeas petitioner must establish " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Dillon v. Conway, 642 F.3d 358, 362 (2d Cir. 2011) (quoting Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2569 (2010)); Jenkins v. Greene, 630 F.3d 298, 302 (2d Cir. 2010). This Circuit has previously held that equitable tolling should be applied only in "'rare and exceptional circumstances.'" Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Smith, 208 F.3d at 17). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also Jenkins, 630 F.3d at 303. Although given the opportunity to provide a basis for equitable tolling, petitioner has failed to do so.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred under 28 U.S.C. § 2244(d)(1). Because petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall be issued. 28 U.S.C. § 2253; see Lozada

v. U.S., 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds, U.S. v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate for appealability); see also Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000), cert. denied, 531 U.S. 873 (2000).  The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The clerk of court is respectfully requested to mail a copy of this Memorandum & Order to petitioner.

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
       October 31, 2013

4